**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WILMER ANTONIO JARQUIN-TERCERO,

Petitioner,

v. No. 2:26-cv-03428-KG-JMR

FNU LNU; *et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Wilmer Antonio Jarquin-Tercero's pro se Petition for a Writ of Habeas Corpus ("Petition"), Doc. 1, the Response, Doc. 6, and Reply, Doc. 7. For the reasons below, the Court denies the Petition.

## *I. Background*

Petitioner, a native and citizen of Nicaragua, entered the United States at an unknown location near San Luis, Arizona on or about May 2, 2021. Doc. 6 at 1–2; *see also Tercero v. Warden*, No. 26-cv-1382-KWR/JFR, Doc. 12 at 2 (D.N.M. May 19, 2026). Although Respondents assert that he was not paroled into the country, Petitioner asserts that he voluntarily surrendered to U.S. Customs and Border Patrol and was released on an order of recognizance through a Form I-220A, which is a form of release under 8 U.S.C. § 1226(a). *Tercero*, No. 26-cv-1382, Doc. 12 at 2. On October 5, 2025, Petitioner was arrested for driving while intoxicated and subsequently transferred to U.S. Immigration and Customs Enforcement ("ICE") custody. Doc. 1 at 1,4. Petitioner was ordered removed on February 2, 2026. Doc. 6 at 2. Petitioner filed a timely appeal with the Bureau of Immigration Appeals ("BIA"), which remains pending. Doc. 1 at 2. Petitioner has spent approximately nine months in immigration custody and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. *Id.* at 2.

On May 1, 2026, Petitioner filed his first habeas petition seeking immediate release or, in the alternative, an individualized bond hearing. *See Tercero*, No. 26-cv-1382, Doc. 1. Based on these facts, the Court found Petitioner was detained pursuant to 8 U.S.C. § 1226(a), granted the habeas petition, and ordered Respondents to provide Petitioner "with an individualized bond hearing before an immigration judge[.] *Tercero*, No. 26-cv-1382, Doc. 12 at 11. On May 22, 2026, Petitioner received his Court ordered bond hearing. *See* 6-1 at 1–2. At the end of the hearing, the Immigration judge ("IJ") found Petitioner was a "[f]light risk" and denied bond. *Id.* at 1. The written order stated:

> [The] Government establishes by clear and convincing evidence that respondent is a flight risk because he has been ordered removed. There is no greater risk of flight other than individual who has been ordered removed, this court finds[.]

*Id.*

On October 13, 2026, Petitioner filed the instant Petition, which again seeks immediate release, or, in the alternative, another individualized bond hearing. *See* Doc. 1 at 11–12. Petitioner alleges his prolonged detention "without adequate individualized process" violates his Fifth Amendment rights. *Id.* at 2. Respondents oppose the Petition. *See* Doc. 6.

## *II. Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 677–78, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to noncitizens who are

"seeking admission" and "not clearly and beyond a doubt entitled to be admitted[.]" This "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025). By contrast, § 1226(a) authorizes the arrest and detention of noncitizens "[o]n a warrant issued by the Attorney General . . . pending a decision on whether [they are] to be removed[.]" Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Supreme Court has repeatedly explained, § 1226(e) operates as a jurisdictional bar precluding noncitizens from "challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [their] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks omitted) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003); *see also Nielson v. Preap*, 586, U.S. 392, 961 (2019) ("[T]his limitation [under § 1226(e)] applies to . . . discretionary decisions" and prohibits review of whether "the Government exercised its statutory authority in an unreasonable fashion."). Absent a constitutional claim or some other question of law, the Court does not have federal habeas jurisdiction to review a specific custody determination. *Olmos v. Holder*, 780 F.3d 1313, 1316 (10th Cir. 2015).

## ***III. Analysis***

The Court concludes it lacks jurisdiction to review the IJ's discretionary custody determination under § 1226(e) and declines to grant relief because Petitioner received the individualized bond hearing to which he was entitled. *See* Doc. 6-1 at 1–2. At that hearing, the immigration judge found that Petitioner failed to carry his burden of demonstrating that he is not a flight risk. *Id.* at 1. Because nothing in the record demonstrates the hearing was otherwise unconstitutional, the IJ's findings are not subject to review by this Court. The hearing therefore satisfies the Court's prior Order. *See Tercero*, No. 26-cv-1382, Doc. 12 at 11.

## *IV. Conclusion*

For the reasons above, the Petition for a Writ of Habeas Corpus, Doc. 1, is DENIED.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.